UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
----------------------------------------------------------X
AMIR HALL,

       Plaintiff,       Civil Case No:

  -against-          Plaintiff Demands a
               Trial by Jury

COCOA SERVICES, L.L.C., and
PROTOCALL – N.J., INC. d/b/a    **COMPLAINT**
THE PROTOCALL GROUP,

        Defendants.
----------------------------------------------------------X


   Plaintiff, AMIR HALL (hereinafter referred to as "Plaintiff" or "HALL"), by and

through his attorneys, DEREK SMITH LAW GROUP PLLC, hereby complains of

Defendant COCOA SERVICES, L.L.C., and Defendant PROTOCALL - N.J., INC. d/b/a

THE PROTOCALL GROUP upon information and belief, as follows:


### NATURE OF CASE

1. Plaintiff AMIR HALL complains pursuant to Title VII of the Civil Rights Act of 1964,

   as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil

   Rights Act of 1991, Pub. L. No. 102-166 ("Title VII"), 42 U.S.C. §1981, as amended

   by the Civil Rights Act of 1991, and the New Jersey Law Against Discrimination

   ("NJLAD") based upon the supplemental jurisdiction of this Court pursuant to *United

   Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966), and 28 U.S.C. § 1367

   seeking declaratory and injunctive relief and damages to redress the injuries Plaintiff

   has suffered as a result of, *inter alia*, race discrimination, color discrimination, hostile

   work environment, retaliation and unlawful termination by Defendants.

## JURISDICTION AND VENUE

2. Jurisdiction of this action is conferred upon this Court as this case involves a Federal Question under Title VII and 42 U.S.C. §1981. The Court also has jurisdiction pursuant to 29 U.S.C. §2617; 28 U.S.C. §1331, §1343 and pendent jurisdiction thereto.

3. Additionally, the Court has supplemental jurisdiction under the State laws.

4. On or about December 16, 2014, Plaintiff submitted a Charge with the U.S. Equal Employment Opportunity Commission ("EEOC").

5. On or about March 9, 2016, Plaintiff received a Right to Sue Letter from the EEOC.

6. Plaintiff satisfied all administrative prerequisites and is filing this case within ninety (90) days of receiving the Right to Sue Letter.

7. Venue is proper in that the events arose in New York County within the Southern District of New York.

## PARTIES

5. At all times relevant to this action, Plaintiff AMIR HALL, an African American male, was a resident of the State of New Jersey, County of Gloucester.

6. At all times material, Defendant COCOA SERVICES, L.L.C., (herein also referred to as "COCOA SERVICES") was and is a domestic limited liability company duly incorporated under the laws of the State of New Jersey.

7. At all times material, Defendant PROTOCALL – N.J., INC., d/b/a THE PROTOCALL GROUP (herein also referred to as "PROTOCALL") was and is a domestic for profit company duly incorporated under the laws of the State of New

Jersey.

8. At all times material, Defendant COCOA SERVICES and Defendant PROTOCALL were Plaintiff's joint employers.

9. Defendant COCOA SERVICES and Defendant PROTOCALL are hereinafter collectively referred to as "Defendants."

10. At all times material, Plaintiff was an employee of Defendants.

## MATERIAL FACTS

11. On or about March 10, 2014, Plaintiff applied for a position through Defendant PROTOCALL to work at Defendant COCOA SERVICES.

12. On or about March 18, 2014, Plaintiff began working as a "Lumper" at Defendant COCOA SERVICES, where his responsibilities included gathering packing boxes together.

13. On or about April 5, 2014, Plaintiff was transferred to a new department working as a "Debagger" for Defendant COCOA SERVICES, where his responsibilities included debagging boxes of chocolate and cocoa.

14. On or about May 1, 2014, Plaintiff was transferred to Defendant COCOA SERVICES' "Sanitation" Department.

15. On or about June 4, 2014, Plaintiff, while at work, walked into a common area and witnessed one of Defendant COCOA SERVICES' employees, a Caucasian man, with his head placed in a loose-fitting noose hanging from a metal bar.

16. Plaintiff took a picture on his mobile phone of this horrific display and showed the picture of the employee in the noose to his supervisor, THOMAS HAMPTON (Supervisor of the Sanitation Department for Defendant COCOA SERVICES)

(hereinafter referred to as "HAMPTON").

17. HAMPTON is also African American.

18. At all time material, HAMPTON had supervisory authority over Plaintiff with regard to his employment.

19. Plaintiff told HAMPTON that the incident made him very uncomfortable. HAMPTON started laughing and told Plaintiff, "Get rid of the picture because we could all get fired."

20. HAMPTON never reported or escalated the incident to the proper authority, including the Plant Manager of Defendant COCOA SERVICES' Swedesboro, New Jersey facility.

21. Following Plaintiff's complaint to his supervisor, HAMPTON, Defendants failed to take appropriate action to remedy the discrimination and/or prevent future harassment and discrimination.

22. Defendants subjected Plaintiff to a hostile work environment on the basis of his race and color.

23. On or about June 19, 2014, Plaintiff was in the lunch room on a break, along with HAMPTON and several other employees, including JOHN RICHARDSON (Supervisor and Warehouse Manager for Defendant COCOA SERVICES). DANA CARLIN (hereinafter referred to as "CARLIN"), a White employee of Defendant COCOA SERVICES, entered the lunch room and said "Hey boy," to ELIJAH PARKER (hereinafter referred to as "PARKER"), another African American co-worker.

24. As an African American male, HAMPTON was taken aback by DANA calling PARKER "boy," and said "Dana, boy though?" DANA then told HAMPTON, "Yeah, [Parker] is my little nigger boy."

25. HAMPTON asked Plaintiff if he heard what DANA had just said. Plaintiff was in a state

of shock but acknowledged that he had heard DANA say, "Yeah, [Parker] is my little nigger boy." DANA then repeated, "Yes, Eli is my little nigger boy," and proceeded to pat PARKER on his head like a dog. DANA looked PARKER in the eyes and said, "Eli, you know you're my little nigger boy?" PARKER shook his head in agreement.

26. Plaintiff was shocked by DANA's egregious and discriminatory comments, especially in the presence of several COCOA SERVICES supervisors.

27. In fact, Defendant COCOA SERVICES' counsel readily admits that DANA used this egregious and hateful speech. In a letter from counsel dated November 20, 2014, counsel states, "She then in fact said he was her 'little nigger boy'..."

28. Following the June 17, 2014 incident in the lunchroom, Plaintiff told HAMPTON that he felt very upset and uncomfortable about what had happened in the lunchroom and wanted to report it to the Plant Manager. Supervisor JOHN RICHARDSON then told Plaintiff, "Man, don't say anything."

29. Plaintiff then ran into JEROME BASS (Shift Supervisor for Defendant COCOA SERVICES) in the hallway and told BASS what had transpired in the lunch room.

30. Specifically, Plaintiff informed BASS that CARLIN had called PARKER her "little nigger boy."

31. BASS then told Plaintiff that he would inform the Plant Manager, RAY (last name presently unknown), about the June 17, 2014 incident in the lunch room.

32. When Plaintiff next spoke with Supervisor BASS, BASS told Plaintiff that he reported the incident and Plant Manager RAY (last name presently unknown) said he would "handle the situation."

33. Upon information and belief, BASS reported the racially discriminatory comments to

RAMONA ADKINS (hereinafter referred to as "ADKINS"), COCOA SERVICES' Human Resources Consultant.

34. BASS and ADKINS then brought Plaintiff's complaint to the attention of RAY DABRY (hereinafter referred to as "DARBY") (Supervisor and Plant Manager for Defendant COCOA SERVICES).

35. Following Plaintiff's complaint, Defendants again failed to take appropriate action to remedy the discrimination and/or prevent future harassment and discrimination.

36. Defendants subjected Plaintiff to a hostile work environment on the basis of his race and color.

37. On or about June 18, 2014, Plaintiff arrived to work at around 5:20 a.m. for his 6:00 a.m. shift. Plaintiff waited in the lunch room with HAMPTON prior to clocking in for work. At approximately 5:40 a.m., Supervisor RICHARDSON came into the lunch room, clocked in, walked over to Plaintiff and told him that "Dana gonna get you fucked up." Plaintiff asked RICHARDSON what that meant and why RICHARDSON did not report DANA's racially discriminatory actions.

38. On or about June 18, 2014, Plaintiff went to Defendant PROTOCALL's Woodbury, New Jersey office to sign an authorization releasing his background information to Defendant COCOA SERVICES, in anticipation of being hired full-time.

39. On or about June 19, 2014, Defendant COCOA SERVICES terminated Plaintiff.

40. Defendants retaliated against Plaintiff for complaining about the egregious and racially discriminatory comments, and to further discriminate against Plaintiff because of his race.

41. Defendants would not have harassed or discriminated against Plaintiff but for Plaintiff's

race and color.

42. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

43. As a result of Defendants' discriminatory and intolerable treatment of Plaintiff, he suffered severe emotional distress and physical ailments.

44. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

45. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages as against all Defendants, jointly and severally.

<u>AS A FIRST CAUSE OF ACTION</u>
<u>UNDER FEDERAL LAW</u>
<u>42 U.S.C. Section 1981</u>

46. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

47. 42 U.S.C. Section 1981 states in relevant part as follows:

a. Statement of equal rights All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other. (b) "Make and enforce contracts" defined For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of

the contractual relationship. 42 U.S.C.A. §1981.

48. Plaintiff, a member of the African American race, was discriminated against because of his race as provided under 42 U.S.C. Section 1981 and has suffered damages as set forth herein.

### AS A SECOND CAUSE OF ACTION
### FOR DISCRIMINATION UNDER TITLE VII

49. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

50. Title VII states in relevant part as follows: SEC. 2000e-2. [Section 703] (a) Employer practices, It shall be an unlawful employment practice for an employer - (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; . . .

51. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq., by allowing religious discrimination, race discrimination, harassment, and causing a hostile work environment.

### AS A THIRD CAUSE OF ACTION
### FOR DISCRIMINATION UNDER TITLE VII

52. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

53. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a)

provides that it shall be unlawful employment practice for an employer:

54. "(1) to . . . discriminate against any of his employees . . . because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

55. Defendants engaged in unlawful employment practice prohibited by 42 U.S.C. §2000e et seq. by retaliating against Plaintiff with respect to the terms, conditions or privileges of employment because of his opposition to the unlawful employment practices of Defendants.

### AS A FOURTH CAUSE OF ACTION
### UNDER NEW JERSEY STATE LAW
### DISCRIMINATION

35. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

36. New Jersey's Law against Discrimination Section 10:5-12(a) sets forth in pertinent part as follows:   "It shall be an unlawful employment practice, or, as the case may be, an unlawful discrimination:   (a) For any employer, because of the race, creed, color, national origin, ancestry, age, marital status, civil union status, domestic partnership status, affectional or sexual orientation, genetic information, sex, gender identity or expression, disability or atypical hereditary cellular or blood trait of any individual, or because of the liability for service in the Armed Forces of the United States or the nationality of any individual, or because of the refusal to submit to a genetic test or make available the results of a genetic test to an employer, to refuse to hire or employ or to bar or to discharge or require to retire, unless justified by lawful considerations

other than age, from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

37. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of his race, together with creating a hostile work environment.

## AS A FIFTH CAUSE OF ACTION
## UNDER NEW JERSEY STATE LAW
## RETALIATION

38. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

39. New Jersey Law Against Discrimination §10:5-12(d) provides that it shall be an unlawful discriminatory practice:

"For any person to take reprisals against any person because that person has opposed any practices or acts forbidden under this act or because that person has filed a complaint, testified or assisted in any proceeding under this act or to coerce, intimidate, threaten or interfere with any person in the exercise or enjoyment of, or on account of that person having aided or encouraged any other person in the exercise or enjoyment of, any right granted by this act."

40. Defendants engaged in an unlawful discriminatory practice by retaliating and otherwise discriminating against Plaintiff, including, but not limited to, terminating Plaintiff's employment, because of Plaintiff's opposition to Defendants' unlawful employment practices.

## AS A SIXTH CAUSE OF ACTION
## UNDER NEW JERSEY STATE LAW
## AIDING AND ABETTING

41. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

42. New Jersey Law Against Discrimination §10:5-12(e) provides that it shall be an unlawful discriminatory practice:

> "For any person, whether an employer or an employee or not, to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this act, or to attempt to do so."

43. Defendants engaged in an unlawful discriminatory practice by retaliating and otherwise discriminating against Plaintiff, including, but not limited to, terminating Plaintiff's employment, because of Plaintiff's opposition to Defendants' unlawful employment practices.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that the Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §1981, and the New Jersey Law Against Discrimination, and that Defendants harassed and discriminated against Plaintiff on the basis of his race, together with creating a hostile work environment, retaliation and wrongful termination;

B. Awarding damages to the Plaintiff, retroactive to the date of discharge, for all lost wages and benefits, past and future, back pay and front pay, resulting from Defendants' unlawful termination of employment and to otherwise make Plaintiff whole for any losses suffered as a result of such unlawful employment practices;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to his reputation;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action;

F.  Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

## **JURY DEMAND**

Plaintiff requests a jury trial on all issues to be tried.


Dated:  New York, New York
        June 2, 2016

                                DEREK SMITH LAW GROUP, PLLC
                                Attorneys for Plaintiff


                    By:         /s/Caroline Miller
                                Caroline Miller, Esq.
                                Zachary Holzberg, Esq.
                                30 Broad Street, 35th Floor
                                New York, New York 10004
                                (212) 587-0760